UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLIE MCNEAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01370-SEB-TAB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Charlie McNeal, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction in case number CIC 19-10-0258. For the reasons explained below, the petition is **GRANTED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On October 23, 2019, IDOC Analyst S. Gosser wrote a Report of Conduct charging Mr. McNeal with conspiracy to engage in trafficking, a violation of IDOC Adult Disciplinary Code A-111/113. Dkt. 7-1. Specifically, the Report of Conduct alleges that Mr. McNeal and others were attempting to bring controlled substances into the facility with the help outside associates. The Report of Conduct states:

> Between the dates of August , 2019 and October 23, 2019 I Intel Analyst S. Gosser began monitoring the GTL telephone calls of Offender Charlie McNeal "Hustle" IDOC 108650. Offender McNeal made multiple telephone calls throughout the month of August and October 2019. Offender McNeal stated on 8/19/2019 "Did you ever check into that", [Callee stated "yeah she said she ended up havin to stop and get ah dollar thing ah toilet paper so she only has 89 of 'em"]. On 8/21/2019 Offender McNeal stated "aye ah here goes this ladies number she gonna tell ya how to go about settin up shit n everything you don't know howda you know what I'm say'n". Offender McNeal in another telephone call dated 8/26/2019 stated "Bro told me to call you man he told me to call ya'h", [Callee "Who"] Offender McNeal "Chucky"; [Callee "oh shit he told you they the ones want'n to know what's going on"] Offender McNeal "ah dude is he just tell 'em shit motherfuckers I'm gonna let them know as soon as I figure it out you know what I'm sayin I don't know I'm waitin shit that nigga I kinda figured that what it was it don't make I'm gonna let know somethin as soon as I figure it out". [Callee "the ol'e lady whose supposed to show, her son askin me how she keep callin ask'n where he at"]. Offender McNeal conspired with associates to attempt to traffic controlled substances into C.I.F. The details of this violation can be found in the Confidential Intel Report CIC20190821-0001.

*Id.*

The respondent has submitted the confidential investigative report as an *ex parte* exhibit for the Court's *in camera* review. *See* dkt. 8. The author of the report suspected that Mr. McNeal, two other offenders, and four outside individuals were engaging in a conspiracy to bring Suboxone into the facility. *Id.* The report includes transcripts of multiple phone calls between the offenders and outside individuals between August 1, 2019, and September 7, 2019. *Id.* at 10-21. The author states of one phone call on August 20, 2019, "Very odd how they switched the conversation to

caliper. The whole conversation seems very suspicious." *Id.* at 16. In a section titled "Findings," the author states, "On 08/18/2019, [an outside individual] confirms she went to Noblesville, IN and obtained '$100.' It is believed $100 is coded language indicating 100 Suboxone strips." *Id.* at 3. The author does not explain the basis for this belief. The author is not identified by name, rank, or position, and it is not clear what training, if any, the author has in deciphering coded language.

On October 25, 2019, Mr. McNeal was notified of the charge when he received a copy of the Screening Report. Dkt. 7-2. He pleaded not guilty and requested a lay advocate. *Id.* He did not ask to call any witnesses or present any evidence at his disciplinary hearing.[1] *Id.*

This matter proceeded to a disciplinary hearing on November 21, 2019. Dkt. 7-5. Mr. McNeal told the hearing officer, "I never said anything about trafficking no drugs." *Id.* The hearing officer considered this statement and staff reports and found Mr. McNeal guilty. *Id.* The hearing officer explained, "Based on information contained in conduct report such as 'she only has 89 of em' and 'aye ah here goes this ladies number she gonna tell ya how to go about settin up shit,' I believe Offender McNeal was attempting to traffick." *Id.* Mr. McNeal received a loss of 180 days earned credit time and a demotion in credit-earning class. *Id.*

Mr. McNeal appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 7-6, 7-7, 7-8, 7-9. In both appeals, Mr. McNeal argued that the evidence is insufficient to support his disciplinary conviction. *Id.* In his department-level appeal, but not in his facility-level appeal, he argued that he was denied the right to an impartial decisionmaker. *Id.* These appeals were denied. *Id.* Mr. McNeal then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] Although Mr. McNeal initially requested "transcripts of phone calls," he later indicated that he "wish[ed] to waive this requested evidence at my hearing." Dkt. 7-2.

## III.
## DISCUSSION

In his petition, Mr. McNeal raises the following grounds for relief: (A) he was denied his right to an impartial decisionmaker; and (B) his disciplinary conviction is not supported by sufficient evidence.

### A. Right to an Impartial Decisionmaker

Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues, and Mr. McNeal concedes, that Mr. McNeal did not raise the issue of the hearing officer's impartiality in his facility-level appeal and has therefore failed to exhaust his administrative remedies as to this issue. Dkt. 7, pp. 6-8; dkt. 14, p. 2. The record does not indicate, and Mr. McNeal provides no reason, that Mr. McNeal's failure to exhaust this issue should be excused. Accordingly, Mr. McNeal's request for relief on this ground is **DENIED**.

### B. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

The Court has reviewed the transcripts of phone calls in the confidential report, which the respondent has submitted as an *ex parte* exhibit. *See* dkt. 8. These phone calls do not make any explicit references to Suboxone, controlled substances, or trafficking into the facility. *Id.* The phone calls do reference sums of money, sometimes in reference to commissary deposits but other times without an obvious meaning or purpose. *Id.* Standing alone, these transcripts would not be sufficient to support Mr. McNeal's disciplinary conviction for engaging in a conspiracy to traffick a controlled substance into the facility. However, in the "Findings" section of the confidential report, the author speculates that "$100 is coded language indicating 100 Suboxone strips." *Id.* at 3. Based on this speculation, the author concludes that Mr. McNeal was part of a conspiracy to bring Suboxone into the facility with the help of other offenders and outside individuals. *Id.* The issue before the Court is whether the author's speculation as to the possible meaning of "$100" provides "some evidence" to support Mr. McNeal's disciplinary conviction.

A correctional officer's lay opinion, based on the officer's training and experience, may provide "some evidence" to support a disciplinary conviction. *See Manley v. Butts*, 669 F. App'x 574, 576 (7th Cir. 2017) ("[I]n the prison-discipline context, [a] guard's lay identification of a controlled substance *might* be sufficient *depending on [the] guard's training and experience*.") (emphasis added) (citing *Ellison*, 820 F.3d at 275). But in this case, the author is not identified by name, rank, or position, and the record does not indicate whether the author has any training or experience in deciphering coded language.

There is no evidence that the author's speculation about coded language is based on any demonstrated training or experience, nor is it based on any other evidence in the record. The Court agrees that these phone calls appear "odd" and "suspicious," *see* dkt. 8, p. 16, and they may well have warranted further investigation by IDOC officials. But Mr. McNeal was not charged with

being odd or suspicious—he was charged with engaging in a conspiracy to traffick a controlled substance. There is no evidence to support the hearing officer's conclusion that he was guilty of this charge, and the petition for a writ of habeas corpus is therefore **GRANTED**.

## IV.
## CONCLUSION

For the reasons explained above, Mr. McNeal's petition for a writ of habeas corpus is **GRANTED**. The respondent is ordered to vacate Mr. McNeal's conviction, restore his earned credit time, and return him to his previous credit-earning class. Judgment consistent with this Order shall now issue.

Mr. McNeal's motion for an extension of time to file an amended reply, dkt. [16], is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date: 1/8/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLIE MCNEAL
108650
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov